March 6, 2018

Hon. Katherine Polk Failla,
United States District Court
Southern District of New York, Room 230
500 Pearl Street
New York, NY 10007

**Re: Case No. 1:17-cv-09962-KPF, Request for pre-motion conference**[1]

Dear Judge Failla:

As required by Your Honor's local rules, I write to respectfully request leave to file motions to impose sanctions and for dismissal, and I request that the initial pre-trial conference scheduled for March 9, 2018 be treated as a pre-motion conference for these motions.

Sanctions should be imposed because Plaintiff intentionally disobeyed the Court's earlier order that I remain anonymous. The complaint should be dismissed because it fails to join necessary parties and it fails to state a claim. As a *pro se* defendant, I also ask that the Court grant me leave to raise other appropriate issues in my motions for sanction and dismissal.

### A. Case History

This Plaintiff has brought thousands of lawsuits to enforce copyright against thousands of Defendants. *E.g.* Matthew Sag, Jake Haskell, Defense Against the Dark Arts of Copyright Trolling, 103 Iowa L. Rev. 571, 578 (2018); *see Malibu Media, LLC v. John Does 1-10*, No. 2:12-cv-003623-OD-PJWx, 2012 WL 5382304, at *4 (C.D. Cal. June 27, 2012) ("The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial."). Currently, a search of the Southern District of New York's electronic filing system reveals 49 open cases for this Plaintiff alone.

On February 13, 2017, Plaintiff filed an action in this Court under docket number 1:17-cv-01078-KPF alleging a violation of copyright against a "John Doe Subscriber assigned IP Address 68.174.66.36." Plaintiff then sought and was granted leave to serve a third party subpoena on an internet service provider to obtain that John Doe's name and address. However, the Court explicitly ordered that "Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise." *Malibu Media, LLC v. Doe*, 1:17-cv-01078-KPF, ECF # 11 (March 17, 2017). After receiving notice from my internet service provider that it believed I was that John Doe, I requested and was granted leave to proceed anonymously, ECF # 21-22. (August 24, 2017). At no point, did the Court order that my identity could be revealed.

On September 13, 2017 Plaintiff made a second request for an extension of the deadline to serve the complaint, which was granted. ECF #24-25. On October 15, 2017, one day before the service deadline, Plaintiff voluntarily dismissed the case. I was never served under that case

---

[1] This document was prepared with the assistance of the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY.

1

number despite Plaintiff having my personal information, including name and current address. Instead, on December 21, 2017, Plaintiff filed the instant action, which is simply a re-filing of the earlier action under a separate case number, 1:17-cv-09962-KPF, circumventing the Court by bringing the action under my full name. This case disclosed my identity in direct violation of the Court's March 17, 2017 and August 24, 2017 orders in the previous case.

On February 20, 2018, I again requested the Court leave to proceed anonymously as well as other relief which would protect my identity. ECF #11. On February 21, 2018, Your Honor granted the request and the case was sealed and all identifying information redacted. ECF #12.

### B. Request For Leave to File Motion For Sanction of Plaintiff For Disobeying This Court's Order That Defendant Remain Anonymous

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as-- … (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." *18 USCA § 401*. It is clear, that by withdrawing the previous case and subsequently filing the same complaint with my identity reveal Plaintiff willfully and contemptuously disobeyed the Court's order and exerted undue pressure in an attempt to extort an "easy" settlement on a meritless case.

"[I]n order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established [her] inability to comply with the terms of the order." *Corporation v. Rice,* 2016 WL 397673, at *2 (SDNY 2016). Here, there was a clear and unambiguous order that I remain anonymous in this litigation. Instead of complying with the Court's clear and unambiguous order, Plaintiff chose to withdraw the case and re-file the instant action. It hoped, that a *pro se* defendant without legal counsel would not bring the matter to the attention of the Court. More perplexingly, Plaintiff assumed that Your Honor would disregard their conduct. Moreover, there is no justification for Plaintiff revealing my identity in the new complaint. Even if Plaintiff had adequate justification for failing to meet the service deadline in the previous action and decided instead to withdraw and file under a new docket, there is no reason that it could not have complied with the Court's earlier orders and identified the defendant as a John Doe.

Furthermore, despite the Court's granting my request to seal the current case and redact any identifying information that would put me at risk of false identification, Plaintiff's unlawful actions have already irreparably harmed me. A simple online search reveals at least four instances of published information from this case including the full text of the Complaint's allegations.[2] I do not know how much time, effort, and resources I will need to allocate to remove these public pages controlled by private third parties, or if I could ever be successful. By directly disobeying the Court's orders, Plaintiff and Plaintiff's counsel have put my reputation in jeopardy and put me in constant risk of being rejected by an employer searches the internet.

---

[2] To continue to protect my identity, I have left the URL's of those websites off this letter. However, I can provide a list of these sites to the Court and opposing counsel upon request.

2

Having filed thousands of similar actions in district courts across the country, Plaintiff Malibu Media is a sophisticated and experienced litigant represented by counsel, and such cynical disregard to Court orders should be duly sanctioned. "[I]t is well established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Gucci America, Inc. v. Li*, 2015 WL 7758872, at *1 (SDNY 2015). "[I]mposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Philip Morris USA Inc. v. Los Corazones Deli Grocery Inc.*, 2014 WL 4363836, at *2 (SDNY 2014). Accordingly, I respectfully request leave to file motion for sanctions against both plaintiff and counsel Kevin T. Conway, including but not limited to the striking of the plaintiff's claims in their entirety, and for such other further relief that the Court deems just and proper.

### C. Request For Leave to File Motion To Dismiss Complaint

#### 1. Plaintiff Failed to Join Indispensable Parties Under FRCP Rule 19

Plaintiff asserts that "[i]n order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces. Users then exchange these small pieces among each other instead of attempting to distribute a much larger digital file." Complaint ¶12. Plaintiff fails to include any allegations against the initial seeder or other alleged participants. Under Plaintiff's own proposed infringement theory, the alleged infringement is impossible without at least an initial seeder and multiple additional subsequent participants, who may very well have had a legal privilege to publish or distribute the works for free. In the context of peer to peer theory, any action against an alleged file sharer requires at a minimum the joinder of the initial seeder.

#### 2. The Complaint Fails to State a Claim Under FRCP 12(b)(6)

Plaintiff admits to using IPP International, (IPP), as its "investigator" and claims that "[b]ased upon experience filing over 1,000 cases the geolocation technology used by Plaintiff has proven to be accurate to the District level in over 99% of the cases." However, the complaint fails to mention how many of these cases if any were actually adjudicated on the merits. Moreover, Plaintiff does not even attempt to allege how IPP's technology "established a direct TCP/IP connection with the Defendant's IP address." Complaint ¶ 17. It does not state if the direct connection was done by illegally hacking into some system or otherwise. Nor does the complaint state the accuracy of this data and what protections from errors, hacking, IP spoofing and other data corruption were implemented to ensure accurate and lawful data collection.

Plaintiff further alleges that "Plaintiff's investigators downloaded from Defendant one or more pieces of each of the digital media files identified by the file hashes listed. Complaint ¶18. And that "[e]ach digital media file as identified by the file hash listed…correlates to a copyrighted film owned by Plaintiff…" and "confirmed through independent calculation that the file hash correlating to each file matched". Complaint ¶ 19- 20. However, Plaintiff again fails to allege the method or accuracy of its "findings" or how many of these file "pieces" were downloaded or distributed by me. Nor does the complaint state how those alleged downloaded "pieces" constituted infringing a completed work sufficient to allege copyright infringement.

Accordingly, I respectfully request that the initial pre-trial conference on March 9, 2018 be treated as a pre-motion conference and leave to file motions for sanctions and dismissal.[3]

Respectfully

*[signature]*

John Doe, Defendant *pro se*

---

[3] I ask that the Court forgive my inclusion of a fourth page as I am *pro se* and this fourth page merely recites the relief requested in the first paragraph.